IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | Case 21-16095 |
| **JUSTIN D. MYERS**<br>**MARY F. MYERS** | * | Chapter 7 |
| Debtors | | |
| | | |
| **CHARLES KNAACK**<br>5225 Pooks Hill Road<br>Apt. 114 South<br>Bethesda, MD 20814 | * | Adversary No. |
| Plaintiff | | |
| vs. | | |
| **JUSTIN D. MYERS**<br>**MARY F. MYERS**<br>4447 Scotia Rd.<br>Halethorpe, MD 21227 | * | |
| Debtors | | |

## COMPLAINT OBJECTING TO DISCHARGE
## AND/OR TO THE DISCHARGEABILITY OF A DEBT
## BY CHARLES KNAACK, CREDITOR

Now comes the Plaintiff, Charles Knaack, by his attorneys David A. Castro and Ezrine Castro & Stavisky, PA, and respectfully files this Complaint Objecting to the Discharge of the Debtors pursuant to 11 U.S.C. §727 (a)(4) and/or objecting to the Dischargeability of the debt owed to Creditor, Charles Knaack pursuant to 11 U.S.C. §523 (a)(6), and for cause states:

1

**PARTIES**

1. The underlying case was commenced by Debtors as a Voluntary Proceeding under Chapter 7 of the United States Bankruptcy Code by the filing of a Petition on September 27, 2021. Plaintiff herein is a creditor identified in Debtors' Schedule F. Defendants are the Debtors in this proceeding. Patricia B. Jefferson was appointed Chapter 7 Trustee and is serving in that capacity.

**JURISDICTION**

2. This is a proceeding objecting to discharge pursuant to 11 U.S.C. §727 (a)(4), and/or objecting to the discharge of the debt owed to the Plaintiff herein pursuant to 11 U.S.C §523(a)(6). The Action is a Core Proceeding pursuant to 28 U.S.C. §157(b)(2).

3. This Action is an Adversary Proceeding as set forth in Bankruptcy Rule 7001.

**FACTS**

4. Plaintiff is the owner of certain residential real property located at 908 Winsap Court, Halethorpe, Baltimore County Maryland.

5. Following the Debtors' lease of said property from the Plaintiff in 2015, Plaintiff obtained a judgment in the District Court of Maryland for Baltimore County[1] against the Debtors in the total amount of $11,556.01.

6. During the course of the trial in the State Court proceeding, the evidence presented by the Plaintiff at trial included Plaintiff's Damage Worksheet which itemized the basis for the judgment against Debtors. Of the total damages, the Court determined that contractual damages for unpaid rent amounted to $8,061.92 and that physical damage done to the property was in the amount of $4,820.00. The total judgment was for these amounts; and then reduced by the security

---

1 Chares Knaack vs. Justin D. Myers et al., D.Ct.MD Baltimore County, Case 0804-0030126-2015.

2

deposit with accrued interest.[2]

7. Plaintiff avers that said physical damage included and was not limited to numerous holes punched or otherwise made to the dry wall, a door and door frame that was forcibly kicked in and destroyed, window screens that were not only removed but were completely gone/missing, and carpeting onto which cigarettes were ground out or extinguished that were almost too numerous to count, but which resulted in irreparable damage to the carpeting, requiring its replacement.

8. With the Petition for relief filed in this case, Debtors also filed a Schedule I, which disclosed "2,000.00" per month for "Debtor 2" (Mary F. Myers) in income (Line 8(a)); but no accompanying schedule showing gross income or the necessary expenses was submitted.

9. Also submitted with the Petition was Debtors' Statement of Financial Affairs which disclosed year to date income derived from "Operating a business" in the year 2021 in the amount of $44,000.00.

10. Also filed with the Petition was Debtors' Schedule J, which disclosed in pertinent part:

a) Line 8 – Childcare and children's education costs – 185.00

b) Line 12 – Transportation - $395.00

c) Line 23c – Monthly Net Income - $66.02

11. The Debtors live together with their son, thirteen years of age, and are a total household size of three.

12. Debtors do not own a motor vehicle.

13. The Meeting of Creditors pursuant to 11 U.S.C. §341 was conducted on November 4, 2021; during which both Debtors offered testimony under oath.

---

[2] See Exhibit 1 – Plaintiff's Damage Worksheet.

## COUNT I
### Non Dischargeability of Debt
### 11 U.S.C §523 (a)(6)

14. Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs One through Seven hereof as if set forth in full and in their entirety.

15. Plaintiff avers that of the entire judgment entered against the Debtors in favor of Plaintiff, the sum of $4,820.00 is for physical damage that was willfully, intentionally and maliciously committed to the premises of the Plaintiff, and was not "ordinary wear and tear".

16. Plaintiff avers that said physical damage was solely and intentionally maliciously caused by the conduct and actions of the Debtors, without any fault or culpability, in whole or in part, on the part of the Plaintiff or any other person not a party to this action.

17. As such, the portion of the debt attributable to Debtors's said willful, intentional and malicious damage to Plaintiff's premises is properly excepted from discharge pursuant to 11 U.S.C §523 (a)(4), including any post judgment interest accruing thereon since the date of judgment[3].

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court to enter an Order finding and declaring Debtors' debt to Plaintiff in the amount of $4,820.00 and any post judgment interest accruing thereon to be non-dischargeable and excepted from Discharge, if any, entered in the underlying case; and Plaintiff seeks such further relief as this Court may deem necessary and proper.

## COUNT II
### Objection to Discharge
### 11 U.S.C. §727 (a)(3)&(4)

18. Plaintiff realleges herein the allegations set forth in Paragraphs Eight through Thirteen of this Complaint as if set forth in full and in their entirety.

---

3 Judgment in the District Court was entered against the Debtors on June 28, 2016.

19. During the Meeting of Creditors held in the underlying case on November 4, 2021, Debtors testified under oath that they did not incur childcare or day care expenses for their teenage son; testified that they did not incur any expenses for sports, arts, extra-curricular activities, or any other expenses associated with their son's education; in fact the Debtors were unable to explain why their Schedule J included expenses of $185.00 per month for Childcare and children's education costs.

20. As such, Plaintiff avers that Debtors do not have any education costs for their child, and the information set forth on their Schedule J is knowingly false and asserted for the purpose of making it appear that Debtors do not have available income to pay their debts.

21. During the meeting of Creditors held in the underlying case on November 4, 2021, Debtors offered testimony that Mr. Myers walks to work and does not incur any transportation expenses; while Mrs. Myers offered testimony that she uses her brother's vehicle at times when she is installing blinds (her "business" or occupation), she was unable then, and has not in connection with her papers and Schedules filed in the underlying case, presented any information or documentation supporting her expenses incurred for her business transportation/vehicle use. Debtor's counsel indicated in words to this effect at the Meeting that Debtors did not maintain documentation to support her claim of vehicle expenses.

22. Giving the Debtors the benefit of the allowance for non-owned transportation expenses[4] which is $217.00 per month, Debtors' stated transportation expenses of $395.00 are grossly overstated by $178.00 per month, without any supporting information or documentation of the same.

23. As such, Plaintiff avers that Debtors do not have any special circumstances to justify disclosing transportation expenses that are $178.00 per month in excess of the applicable

---

4 IRS Local Transportation Expense Standards: Region Code SO-BAL – Baltimore (effective 5/15/21).

allowance, and said claim of expense set forth on their Schedule J is knowingly false and asserted for the purpose of making it appear that Debtors do not have available income to pay their debts.

24. As such, a disallowance of these exaggerated expenses claimed by the Debtors, together with their stated excess income on their line 23c, would reflect excess income available for the claims of creditors in the amount of $429.00 per month.[5]

25. Debtors have not filed (to the best of the knowledge of the undersigned counsel for Plaintiff) any schedule or accounting of the difference between the amount stated on their Statement of Financial Affairs as to Debtor 2's year to date income of $44,000.00 and the "net" amount claimed on Debtors Schedule I of $2,000.00 per month.

26. If it is true as suggested by Debtors' counsel that there are no records concerning this significant difference of $2,800.00 per month[6], Plaintiff avers that the same is an impermissible failure "to keep or preserve any recorded information, including books, documents, records and papers from which the debtor's financial condition or business transactions might be ascertained . . ." and Plaintiff therefore avers that sufficient cause exists under 11 U.S.C. §727(a)(3) to deny discharge.

27. Plaintiff also notes that in the absence of any business expenses, and based on Debtors' disclosure of $44,000.00 in the first nine months of 2021, that there may be as much as $2,800.00 per month available for payment to the creditors in the underlying case.

28. Under these circumstances, Plaintiff avers that Debtors are not entitled to Discharge under 11 U.S.C. §727.

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court to enter an Order

---

[5] This monthly amount, pursuant to 11 U.S.C. §707 (b)(2) may be an amount that would constitute a presumption of abuse (said amount multiplied by 60 being greater than $13,650.00).

[6] Debtors claimed year to date (9 months) income of $44,000.00 on their Form 107 – that is approximately $4,800.00 per month on the average. Debtors' claim of only $2,000.00 per month of net income would have to mean there are, on the average, in excess of $2,800.00 per month in expenses.

6

finding and declaring that Debtors are excepted from Discharge in the underlying case; and Plaintiff seeks such further relief as this Court may deem necessary and proper.

| | |
|---|---|
| December 21, 2021 | /s/ David A. Castro        06226<br>David A. Castro              06226<br>1206 Saint Paul Street<br>Baltimore, Maryland 21202<br>410-669-0098<br>Bar No. 06226<br>d.castro@ecslawmd.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21rst day of December, 2021, a copy of the foregoing was mailed by first class mail, postage pre-paid, to the following:

Office of the U S Trustee
101 W. Lombard Street
Baltimore, Maryland 21201

Patricia Jefferson, Esquire
100 Light Street
10th Floor
Baltimore, MD 21202

Adam M. Friedman, Esquire
115 McHenry Avenue
Suite B4
Baltimore, MD 21208

| | |
|---|---|
| December 21, 2021 | /s/    David A. Castro<br>David A. Castro, 06226 |